**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FELICIA D. BOYD,

        Plaintiff,

                                    Case No. 3:20-cv-143-J-34PDB

vs.

ERIC GREEN, et al.,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** comes before the Court on two motions to dismiss.  See Individual Defendants' Motion to Dismiss (Doc. 12; Individual Defendants' Motion) and Defendant Jacksonville Port Authority's Motion to Dismiss Complaint and Supporting Memorandum of Law (Doc. 11; JPA Motion), both filed April 10, 2020 (collectively, Motions).  Plaintiff Felicia D. Boyd, who is proceeding pro se, filed responses in opposition to the Motions.  See Plaintiff's Response to Individual Defendants' Motion to Dismiss (Doc. 14; Response to Individual Defendants) and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the Complaint (Doc. 13; Response to JPA), both filed on April 21, 2020.  Accordingly, the Motions are ripe for the Court's consideration.

On November 4, 2019, Boyd filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging discrimination in her employment pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq.  See Complaint for Employment Discrimination (Doc. 1; Complaint), Ex. 1: Charge of Discrimination (Doc 1-1 at 1; EEOC Charge).  "Based on its investigation, the EEOC [was] unable to conclude that the information obtained establish[ed] a violation of the statutes" and issued a notice

advising Boyd of her right to pursue her claims in court. <u>See</u> Complaint, Ex. 1: Dismissal and Notice of Rights (Doc. 1-1 at 2; Notice). Boyd received the Notice on November 25, 2019, and initiated the present action on February 12, 2020, by filing the Complaint. <u>See</u> Complaint at 1, 5. In addition to naming her former employer, Defendant Jacksonville Port Authority (JPA), Boyd names Eric Green, Linda Williams, and Valerie Witt (the Individual Defendants), all managers or supervisors with JPA, in their individual and official capacities. <u>See</u> <u>id.</u> at 1, 2. In the instant Motions, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), the Individual Defendants seek dismissal of all claims against them and Defendant JPA seeks dismissal of the Complaint in its entirety. <u>See generally</u> Motions.

## I.   Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (citations and quotations omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Id. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262,

1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## II.    Discussion

### A.    Individual Defendants' Motion to Dismiss

The Court first addresses the Individual Defendants' Motion.  In their Motion, the Individual Defendants seek dismissal of Boyd's claims against them under Rule 12(b)(6) on several grounds.  See Individual Defendants' Motion at 1, 2.  First, they argue that Boyd improperly names each of them in their individual capacities because individual liability under Title VII is foreclosed by Eleventh Circuit precedent.  See id. at 3.  Next, they contend that the claims against them in their official capacities should be dismissed as redundant because Boyd has named JPA, the employer, as a defendant.  See id. at 3-4.  Last and alternatively, the Individual Defendants assert that Boyd failed to exhaust her administrative remedies as required before bringing her Title VII claims.  See id. at 4.

---

[1] "Although an unpublished opinion is not binding. . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

In response, Boyd agrees that individuals cannot be held liable under Title VII stating that the Individual Defendants' argument in this regard is "valid and true."  <u>See</u> Response to Individual Defendants at 1.   Nevertheless, Boyd maintains that the Complaint as it pertains to them should not be dismissed because she exhausted her administrative remedies prior to filing suit.  <u>See</u> <u>id.</u> at 1-2.   However, whether Boyd exhausted her administrative remedies with respect to the claims against the Individual Defendants is immaterial if she fails to present any cognizable claim against them.   Here, upon consideration of the applicable authority, the Court concludes that Boyd's claims against Green, Williams, and Witt in their individual and official capacities fail as a matter of law, and as such are due to be dismissed with prejudice.

As an initial matter, the Court notes that the Eleventh Circuit Court of Appeals has held that individuals are not subject to personal liability for violations of Title VII.  <u>See</u> <u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th Cir. 1991).   Indeed, in <u>Busby</u>, the Court instructed

> [i]ndividual capacity suits under Title VII are . . . inappropriate.  The relief granted under Title VII is against the <u>employer</u>, not individual employees whose actions would constitute a violation of the Act.  We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

<u>Id.</u> (internal citations omitted).   Next, and consistent with <u>Busby</u>, the Court finds that because Boyd has named her employer, JPA, as a defendant in this action, suing the Individual Defendants in their official capacities is unnecessary and redundant.  <u>See</u> <u>id.</u> at 772, 776; <u>see also</u> <u>Brooks v. CSX Transp., Inc.</u>, No. 3:09-CV-379-J-32HTS, 2009 WL 3208708, at *4 (M.D. Fla. Sept. 29, 2009) ("[O]nly the assets of the employer are available

5

to satisfy a plaintiff's claim and no additional relief may be obtained by naming the individuals in their official capacities." (internal citations omitted)). For these reasons, Boyd presents no cognizable claim against the Individual Defendants in their individual or official capacities. As such, the Individual Defendants' Motion is due to be granted and Boyd's claims against Green, White, and Witt will be dismissed with prejudice.

### B. Defendant Jacksonville Port Authority's Motion to Dismiss

Turning next to the JPA motion, the Court notes that JPA makes a valiant effort to identify Boyd's claims and the factual allegations that might support the elements of each claim. See generally JPA Motion. In doing so, JPA argues that each of these claims, if alleged, should be dismissed. See id. at 1-3. Having carefully reviewed the Complaint and attempted to discern what claims Boyd seeks to pursue and the factual basis of each such claim, the Court finds that the Complaint must be dismissed and Boyd be given an opportunity to file a proper amended complaint before JPA's arguments in favor of dismissal can be addressed on the merits. The Court reaches this conclusion because Boyd has pleaded her claims in a manner that fails to comply with Rules 8 and 10 and renders it largely impossible to identify the underlying basis of the claims she seeks to assert. As a result, the Court is unable to determine the sufficiency of, or address JPA's challenges to, Boyd's claims. In light of these pleading deficiencies, the Court determines that to the extent JPA argues that Boyd's Complaint should be dismissed as a shotgun pleading, the Motion is due to be granted, but without prejudice to Boyd filing an amended complaint. See JPA Motion at 4 (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322 (11th Cir. 2015)).

While <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro se</u> litigant is still required to "'conform to procedural rules.'"   <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).   The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Rule 8(a)(2).   "'A complaint need not specify in detail the precise theory giving rise to recovery.   All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'"   <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).   Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action."   <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   <u>See</u> Rule 10(b).   In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ."   <u>See</u> Rule 10(b).   Rules 8 and 10 work together "'to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"   <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).   "Where the

allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Here, using a form titled "Complaint for Employment Discrimination", Boyd places a check in boxes stating that she is complaining about the "Termination of my employment," the "Failure to promote me," "Retaliation," and having been "Provided business cards with no pay increase." Complaint at 4.  She also states that she has been discriminated against on the basis of her "race," explaining "I was spoken to and treated differe[sic]," and her "gender/sex," similarly explaining "Harsher discipline than male count[sic]."[2]  Id.  Despite having identified these various different claims and bases for relief, the entirety of Boyd's Complaint amounts to a single paragraph.  Boyd fails to utilize separate numbered paragraphs to present her allegations and fails to set forth each of her causes of action in separate counts.  Importantly, although Boyd identifies claims of gender and race discrimination in her Complaint, she also makes references to retaliation and a failure to promote, such that it is unclear to the Court what claim or claims Boyd actually intends to raise in this action or the specific facts allegedly supporting any of those claims.  See Complaint at 4-5.

---

[2] The form complaint provides boxes a plaintiff can check to identify the bases for her discrimination claims and a short line to further explain her allegations.  Boyd's form complaint cuts off her explanations mid-sentence, seemingly due to space limitations.  Thus, while Boyd's comments are quoted in this Order exactly as they appear in her Complaint, the Court notes that her explanations as reflected in the Complaint are incomplete.

Instead of setting forth any factual allegations in support of her claims in numbered paragraphs in a single document, Boyd attaches multiple documents to her Complaint amounting to over 40 pages. However, she gives no explanation of the relation of the documents to any of her claims and certainly does not explain how any facts purportedly shown in any document support a particular claim. In addition to the EEOC Charge, the Notice, and a termination letter from JPA (Doc 1-1 at 3; Termination Letter), Boyd includes two rambling documents titled: (1) Exit Interview Email M. Nichols sent to JPA (Doc 1-1 at 4-9; Exit Interviews) and (2) JAXPORT Complaint/Rebuttal Comments from F. Boyd (Doc 1-1 at 10-41; JPA Investigation). The Exit Interviews are emails written by a former JPA employee, Michael Nichols. Although the interviews highlight Nichols's dissatisfaction with his employment at JPA and his approval of Boyd, Boyd fails to explain how they bear any relation to the present lawsuit. The JPA Investigation contains a lengthy narrative of the events leading up to Boyd's termination, including Boyd's line by line, critical analysis of JPA's findings. See generally JPA Investigation. While it is apparent from Boyd's commentary that she strongly disagrees with JPA's account of the circumstances surrounding her termination, it is entirely unclear the specific conduct which Boyd contends supports any of her claims under Title VII, much less which facts might support any individual claim. This manner of pleading is altogether improper and requires the Court and JPA to sift through pages of often irrelevant information, to discern which facts support which claims, or even precisely what claims Boyd seeks to pursue.

Notably the Eleventh Circuit has instructed that where a more carefully drafted complaint might properly state a claim to relief, the district court should afford a pro se

plaintiff the opportunity to file an amended complaint.  See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (holding a district court is not required to sua sponte grant a plaintiff represented by counsel leave to amend but noting the decision "intimate[d] nothing about a party proceeding pro se." (emphasis added)); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").  In light of this directive, the Court will grant JPA's Motion on the basis that the Complaint fails to comply with Rules 8 and 10, dismiss the Complaint without prejudice[3], and permit Boyd the opportunity to file an amended complaint. [4]

While Boyd may continue to use a form complaint, Boyd should allege the facts supporting all of her claims in a single document attached to the form.  In doing so, Boyd must use numbered paragraphs and separate counts for each separate claim.  Each separate claim must be supported with facts suggesting the existence of the requisite elements, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S.

---

[3] In doing so, the Court does not address the substantive legal merit of any purported claim.  Nevertheless, Boyd would be well-advised to review the arguments made in the JPA Motion and also familiarize herself with the relevant causes of action and the required elements of proof before filing her amended complaint.

[4] If Boyd chooses to continue to proceed without the assistance of an attorney, the Court recommends that she visit the Court's website (www.flmd.uscourts.gov).  Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers."  In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer."  If Boyd does not have access to the internet, one free copy of the Handbook may be obtained by mailing the Clerk's Office and referencing this Order.

at 555).  Ultimately, Boyd's complaint must set forth "a short and plain statement" of her claim or claims demonstrating that she is entitled to relief.  See Rules 8(a)(2), 10(b).  Boyd is cautioned that failure to comply with the requirements of the Court's Order and the Federal Rules of Civil Procedure may result in the dismissal of this action without further notice.

Accordingly, it is hereby

**ORDERED:**

1. Individual Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**.

2. Plaintiff Felicia D. Boyd's claims against Defendants Eric Green, Linda Williams, and Valerie Witt in their individual and official capacities are **DISMISSED with prejudice**.

3. Defendant Jacksonville Port Authority's Motion to Dismiss Complaint and Supporting Memorandum of Law (Doc. 11) is **GRANTED** on the basis of the pleading deficiencies identified in this Order and is otherwise **DENIED without prejudice**.

4. Plaintiff Boyd's Complaint for Employment Discrimination (Doc. 1) is **DISMISSED without prejudice.**

5. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **January 6, 2021**.  Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida on December 15, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record
Pro Se Parties

12